UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JON WEINER, et al., | ) | CASE NO. 1:22-cv-255 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| BAINBRIDGE TOWNSHIP POLICE DEPARTMENT, | ) ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the parties' Joint Motion for Approval of Settlement and for Dismissal of all Claims with Prejudice in this action alleging violations of federal wage laws. (Doc. No. 8.) Because the Court finds that the settlement represents a fair resolution of plaintiffs' claims, the joint motion is granted, the settlement is approved, and this case is dismissed with prejudice.

I. **BACKGROUND**

According to the complaint, plaintiffs Jon Weiner ("Weiner") and Ryan Patete ("Patete") (collectively, "plaintiffs") are employed by defendant Bainbridge Township Police Department ("Police Department") as police officers. Relevant to the instant action, Weiner has been employed by the Police Department as a K-9 Handler from 2004 to 2022, and Patete has been employed as a K-9 Handler since 2018. As K-9 Handlers, plaintiffs are responsible for their police dogs at all times—whether on or off duty—for feeding, exercising, training, grooming, and veterinary care. (Doc. No. 1 ¶¶ 8–10.) The care provided by plaintiffs to the police dogs was required by the Police Department so that the police dogs would be in good health and able to perform their duties, and

the care provided by plaintiffs is an integral and indispensable part of plaintiffs' employment as K-9 Handlers and primarily benefitted the Police Department and its law enforcement efforts. (*Id.* ¶¶ 11–13.)

While plaintiffs were employed as K-9 Handlers, they regularly worked more than forty hours in one or more workweeks. But they were not compensated at a rate of one and one-half times their regular rate of pay for work in excess of forty hours a week while caring for and training their police dogs. The Police Department did not keep and preserve records of the hours that plaintiffs worked in excess of forty hours while caring for and training their police dogs. (*Id.* ¶¶ 14–16.)

Based upon these facts, plaintiffs alleges that the Police Department's conduct violated the federal Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"). (*Id.* ¶¶ 19–25.) The parties have reached a settlement that resolves all of plaintiffs' claims and they seek the Court's approval of the settlement. (Doc. No. 8.)

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cty. Gov.*, No. 06-cv-299, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id*. (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn*

*Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc.*, 679 F.2d at 1353. The second exception, applicable here, involves instances in which federal district courts approve the settlement of suits brought in federal district court pursuant to § 216(b) of the FLSA. *Id*.

In reviewing the settlement of plaintiffs' FLSA claims, the Court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09-cv-1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id*. (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, & Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

In this case, the parties dispute both the amount of unpaid overtime for which plaintiffs should have been compensated and the applicable statute of limitations. (*See* Doc. No. 8 at 2–3.[1]) The Court finds that the parties' divergent views of the facts and the law present a bona fide dispute that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury. (*See id.* at 3.)

Having reviewed the terms of the settlement agreement, the Court finds that the settlement represents a fair and reasonable resolution of these bona fide disputes that was the result of arms-length negotiations between parties represented by able counsel after an investigation of the facts by the parties' respective counsel. (*See id.* at 2.) The settlement, which represents 100% of the unpaid overtime alleged by plaintiffs plus contributions by the Police Department to plaintiffs' Ohio Public Employees Retirement System accounts, is a fair resolution of the parties' dispute in both the public interest and the plaintiffs' best interest. (*See id.* at 3.) Thus, the Court finds no risk of fraud or collusion.

As for the award of attorney fees to plaintiffs' counsel, the Court finds that the award is reasonable, taking into consideration the fact that a settlement was reached very early in the litigation and the successful outcome providing relief to plaintiffs. While the Court is not in a position to assess the likelihood of success on the merits of plaintiffs' claims because the case was still in the early stages when settlement was reached, the Court finds that the other relevant factors weigh in favor of approving the settlement.

---

[1] All references to page numbers are to the consecutive page numbers assigned to each individual document by the Court's electronic filing system.

## IV. Conclusion

For all the foregoing reasons, the parties' joint motion is granted. (Doc. No. 8.) The settlement attached to the motion is approved (Doc. No. 8-1), and all of the claims in plaintiffs' complaint are dismissed with prejudice. This case is closed.

**IT IS SO ORDERED**.

Dated: April 13, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**